823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
The AMERICAN INSURANCE COMPANY; Robert N. Daniel, Jr.,
individually and as Receiver of Ralph E. Hayes
d/b/a Ralph Hayes Machinery Company,
Defendants-Appellants,
and
Ralph E. Hayes, d/b/a Ralph Hayes Machinery Company, Defendant.
UNITED STATES of America, Plaintiff-Appellant,
v.
The AMERICAN INSURANCE COMPANY; Robert N. Daniel, Jr.,
individually and as Receiver of Ralph E. Hayes
d/b/a Ralph Hayes Machinery Company,
Defendants-Appellees,
and
Ralph E. Hayes, d/b/a Ralph Hayes Machinery Company, Defendant.
 Nos. 86-2164, 87-2001
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1987.
Decided July 9, 1987.
 
 D.S.C.
 DISMISSED.
 Appeals from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (C/A No. 80-1134)
 Andrew Jackson White, Jr., Haynsworth, Marion, McKay & Guerard, for appellants.
 Roger Milton Olsen, Michael Lee Paup, Office of the United States Department of Justice, for appellee.
 Before HALL, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us is the motion of the United States to dismiss this appeal because a motion pursuant to Fed. R. Civ. P. 59(e) is outstanding. The American Insurance Company and Robert E. Daniel oppose the motion. We find first that the motion in question was made pursuant to Rule 59(e) and further that this second Rule 59(e) motion has tolled, pursuant to Fed. R. App. P. 4(a)(4), the period for noting an appeal. Accordingly, as we lack jurisdiction to consider the appeal, the motion to dismiss the appeal is granted, and the appeal is dismissed.
 
 
 2
 This is a suit by the United States to collect unpaid income taxes and employment taxes, together with penalties and statutory interest, from Ralph E. Hayes, d/b/a Ralph Hayes Machinery Company (the Company); Robert Daniel, individually and as receiver for the Company; and American Insurance Company (American), Daniel's bonding company. The lower court ordered in 1983 that judgment be entered in favor of the United States in the amount of $61,902.92. An amended judgment of $20,304.00 against Hayes, d/b/a the Company and $106,055.53 against Daniel and American was subsequently entered. Daniel and American appealed.
 
 
 3
 On appeal, Daniel and American contended that the lower court used the wrong test for insolvency under the Federal Insolvency Statutes, 31 U.S.C Secs. 191, 192 (1976). This Court agreed, reversed and remanded. United States v. Daniel, No. 83-1885 (4th Cir. July 17, 1984) (unpublished).
 
 
 4
 On remand, the district court found that Hayes was insolvent in April, 1973, because at that time his liabilities of $259,190.68 exceeded his assets of $254,697.00. The district court further found that defendants were liable under laws other than the Federal Insolvency Statutes. A liability of $130,865.77 was assessed. Judgment for that amount plus interest at the rate of 7.03% was entered on June 9, 1986.
 
 
 5
 Pursuant to a timely Fed. R. Civ. P. 59 motion, Daniel moved on June 16, 1986, for reconsideration of that order. The United States moved on August 4, 1986 for correction of the judgment and for substitution of Robert E. Daniel, Jr. for Robert N. Daniel, who had died. A hearing on the motions was held on August 4, 1986. On September 8, 1986, an order was filed amending the June order. That order reinstated the 1983 judgment against Ralph E. Hayes, d/b/a the Company and changed the rate of interest to be paid by Daniel and American from 7.03% to that provided by statute. An amended judgment was entered on September 8, 1986.
 
 
 6
 On September 17, 1986, a motion to vacate the June 9 and September 8 judgments was filed by defendants. On October 7, 1986, defendants appealed the September 8, 1986 judgment to this Court (No. 86-2164). At issue on appeal is whether the 1983 judgment included liabilities other than those arising under the Federal Insolvency Statute.
 
 
 7
 On November 4, 1986, the district court construed the motion to vacate as a motion pursuant to Fed. R. Civ. P. 60(b) because it 'does not involve the merits of that appeal [to the Fourth Circuit] and relates solely to the administrative function of correcting the recorded judgment.' Subject to the consent of this Court, the district judge ordered that the judgment entered on June 9, 1986 and the amended judgment entered on September 8, 1986, be vacated. Further, the court adjusted the judgment to $97,118.28 because the judgments were 'incorrect in computation' and ordered that the interest rate be changed to 9.59%. The United States appealed that order on January 5, 1986 (No. 87-2001).
 
 
 8
 The parties' dispute is over how much, if any, the United States may recover. The motion to vacate asks that the amount of the judgment be adjusted. This certainly 'calls into question the correctness of that judgment [and] . . . should be treated as a motion under Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). As an entirely new judgment is involved in this case, the filing of the second Rule 59(e) motion tolled the time for noting an appeal. See Harrell v. Dixon Bay Transport, 718 F.2d 123, 127 (5th Cir. 1983). Cf. EEOC v. Central Motor Lines, Inc., 537 F.2d 1162 (4th Cir. 1976) (second Fed. R. App. P. 4(a)(4) motion filed not after new judgment entered, but after first Rule 4(a)(4) motion denied).
 
 
 9
 The motion to dismiss the appeal is granted. The motion by the United States for voluntary dismissal of No. 87-2001 also is granted. The district court should now rule on the outstanding Rule 59(e) motion, and a new notice of appeal, bringing before this Court the original and amended judgments, can then be filed.
 
 
 10
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeals.
 
 
 11
 DISMISSED.