7 F.3d 224
 27 Fed.R.Serv.3d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Geza ISTVAN, d/b/a Vision Opticians, Plaintiff-Appellant,
v.
THE WILLOUGHBY OF CHEVY CHASE CONDOMINIUM COUNCIL OF UNIT
OWNERS, INCORPORATED; Steven J. Saks; Nancy
Mellon; Estate of Teresa Pampillonia,
Defendants-Appellees,
and
Joshua RAFNER; Board of Directors of the Willoughby of
Chevy Chase Condominium; Estate of Robert W.
Wening, Jr., a/k/a Robert W. Wening, Defendants.
 No. 92-1940.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 17, 1993.
Decided: September 24, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-3351-JFM)
 C. Victor Mbakpuo, Mbakpuo, Ekeanyanwu, Anyaibe & Agiliga, Washington, D.C., for Appellant.
 Jeffrey R. Schmieler, Elizabeth A. Zwibel, Saunders & Schmieler, Silver Spring, Maryland; Robert C. Morgan, Angus R. Everton, Diane S. Deros, Mason, Ketterman & Morgan, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Geza Istvan appeals the district court's order denying him leave to amend his amended complaint. Because the case was no longer pending in the district court at the time Istvan moved for leave to amend, we affirm.
 
 
 2
 Istvan sued the Appellees in the district court for alleged wrongs relating to a commercial lease in Maryland. The Appellees moved to dismiss the complaint for lack of subject matter jurisdiction. The court granted the motion, but gave Istvan leave to amend. The amended complaint did not address the jurisdictional issues requested by the court. On the Appellees' motion, the court dismissed the amended complaint.
 
 
 3
 Istvan moved for reconsideration of the dismissal.[1] After the judge denied the motion for reconsideration, Istvan moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Later Istvan also moved to amend his first amended complaint. The court then entered an order denying the motion to amend Istvan's first amended complaint because the case had been dismissed two months earlier and, because the case was no longer active, the motion to amend was moot. The court did not mention the second Rule 59 motion, which was never decided. Istvan wrote the judge a letter requesting that the judge enter a new order of dismissal because he was under the impression that the case was still active and an appeal at that time would be interlocutory. The judge refused, stating that the case had been dismissed and the appeal period was running. Istvan appeals.[2]
 
 
 4
 Istvan contends that his motion to amend should have been granted because the case was still pending before the court. While motions to amend are to be liberally granted under Fed. R. Civ. P. 15(a), the judge did not abuse his discretion in this case. The case was no longer pending. The judge had dismissed it four months before the motion to amend was filed. Istvan had filed a Rule 59 motion but it was denied two months earlier. Istvan filed a second Rule 59 motion which, because it was not served within ten days of the order dismissing the case, was untimely. In light of the fact that the case had been dismissed and the appeal period was running, the district judge did not abuse his discretion in denying leave to amend.
 
 
 5
 We hold that the district court did not abuse its discretion in denying Istvan's motion to amend his first amended complaint and, accordingly, affirm the district court's order. We deny Istvan's motion to strike Appellees' first argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Istvan styled this motion as one pursuant to Fed. R. Civ. P. 60. However, because the motion called into question the correctness of the judgment and was served within ten days of the entry of the judgment, it is construed as a motion pursuant to Fed. R. Civ. P. 59(e). Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)
 
 
 [2]
 Istvan's notice of appeal states that he appeals the court's order denying subject matter jurisdiction and the order denying his motion to amend his amended complaint. The notice of appeal is untimely as to the order denying subject matter jurisdiction because it was not made within thirty days of the court's denial of Istvan's first Rule 59 motion. See EEOC v. Central Motor Lines, Inc., 537 F.2d 1162, 1165 (4th Cir. 1976) (successive Rule 59 motions do not toll the period allowed for filing a notice of appeal); Fed. R. App. P. 4(a)(4). The notice of appeal is timely, however, as to the order denying Istvan's motion to amend the first amended complaint. Only that order will be reviewed