**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHARLES N. HENRY, III,
　　　　　　*Plaintiff-Appellant,*

v.

BRUCE BRONSTEIN; AARON WHITAKER,
　　　　　　*Defendants-Appellees.*

No. 03-1121

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CA-02-2790-L)

Submitted: April 30, 2003

Decided: May 27, 2003

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Charles N. Henry, III, Appellant Pro Se. Robert William Metzler, Gilbert Steven Rothenberg, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles N. Henry, III, appeals from the district court's orders: (1) dismissing his action against two Internal Revenue Service agents; (2) denying his motion for reconsideration; and (3) denying a second post-judgment motion requesting the district court to issue findings of fact and conclusions of law. We dismiss the appeal as to the first two orders; with respect to the third order, we affirm.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)).

A timely motion for reconsideration under Fed. R. Civ. P. 59 tolls the notice of appeal period. Fed. R. App. P. 4(a)(1)(B). Here, the district court entered judgment on September 13, 2002. Henry's motion for reconsideration was timely filed on September 23, 2002; thus, the appeal period did not begin to run until the district court denied the motion for reconsideration on October 1, 2002. The sixty-day appeal period expired on November 30, 2002. Notwithstanding Henry's second post-judgment motion, his notice of appeal filed on January 9, 2003, was untimely as to the September 13, 2002, judgment and the October 1, 2002, order denying his motion for reconsideration. *See Kraft, Inc. v. United States*, 85 F.3d 602, 605 (Fed. Cir.) (holding that, following initial Fed. R. Civ. P. 59 motion tolling appeal period, successive motions periods are not permitted), *modified on other grounds*, 96 F.3d 1428 (Fed. Cir. 1996); *accord EEOC v. Cent. Motor Lines, Inc.*, 537 F.2d 1162, 1165 (4th Cir. 1976). Accordingly, we dismiss the appeal as to those orders.

Henry also appeals the district court's November 19, 2002, order denying his motion requesting that the court enter findings of fact and conclusions of law. Findings of fact and conclusions of law are only

required where there is a bench trial. *See* Fed. R. Civ. P. 52(a). Here, the court dismissed the complaint because it failed to state a claim upon which relief could be granted. We find no error in the district court's order and therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*